UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE REMSEN,<br><br>        Petitioner,<br><br>   v.<br><br>J. HOLLAND, (A) Warden, et al.,<br><br>        Respondents. | 1:12-cv–00731-BAM-HC<br><br>ORDER DENYING WITHOUT PREJUDICE THE MOTION TO CHANGE THE NAME OF RESPONDENT (Doc. 4)<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES (Doc. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 17, 2012 (doc. 4). Pending before the Court is the petition, which was filed on May 7, 2012.

    I.   <u>Motion to Change the Name of the Respondent</u>

Petitioner alleged that his place of confinement is the California Correctional Institution at Tehachapi, Caifornia

1

(CCI).  (Pet. 1.)  Petitioner named as Respondent J. Holland, Acting Warden.  In a motion filed on May 17, 2012, Petitioner states that Respondent Holland's first initial is "K" and not "J," and thus he requests the Respondent's name be corrected.

A petition for writ of habeas corpus brought on behalf of one in custody under a state court judgment shall allege the name of the person who has custody over the applicant as respondent. 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts.  A failure to name the proper respondent destroys personal jurisdiction.  <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement.  <u>Johnson v. Reilly</u>, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, reference to the official website of the California Department of Corrections and Rehabilitation (CDCR)[1] reflects that the acting warden at CCI is Michael Stainer, not a K. Holland or J. Holland.

Accordingly, Petitioner's request to change the name of Respondent will be denied without prejudice.  The proper name of the Respondent as well as other matters will be the subject of additional screening once the status of Petitioner's exhaustion of his claims is ascertained.

II.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United

---

[1] The address of the CDCR's official website is www.cdcr.ca.gov.

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dism issed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the CCI

serving a sentence of fifteen years to life plus five years imposed in 1983 in the Los Angeles County Superior Court for second degree murder and multiple counts of forgery and theft in violation of Cal. Pen. Code §§ 187, 470, and 487.  (Pet. 1, 8.) Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made after a hearing held on March 19, 2008, finding Petitioner unsuitable for parole.

Although Petitioner lists only four grounds in the form portion of the petition (doc. 1, 5-6), a review of the entirety of the petition shows that Petitioner appears to raise additional claims or sub-claims.  The claims that appear to be raised in the petition are as follows:  1) the finding that Petitioner was unsuitable for parole because of an unreasonable risk to the public safety was a violation of Petitioner's rights to substantive due process and equal protection guaranteed by the Fourteenth Amendment because it was unsupported by the evidence; 2) Petitioner was denied a fair and impartial hearing because the BPH failed to recognize its statutory limitations and was not impartial; 3) the failure to release Petitioner on parole violated Petitioner's right to due process and equal protection because when sentenced he was told that he could not serve more than fifteen years; 4) the determination of the length of Petitioner's sentence by the BPH exceeds the BPH's authority because it is a legislative function, and it results in an absence of uniformity of sentence and a violation of Petitioner's right under state law to have his sentence set on the basis of proportionality of the offense and earned credits; 5) the failure to provide annual parole hearings as was the case when Petitioner

4

was convicted is an incorrect interpretation or application of state law; 6) changing the parole rules after Petitioner's conviction (different numbers of commissioners to consider parole, unspecified differences in standards, additional review by the governor, greater periods between parole hearings) violated the prohibition against ex post facto laws under the Constitution and the state constitution; 7) the application of Cal. Pen. Code § 3041 to Petitioner violates Petitioner's right to substantive due process and equal protection because Petitioner is not serving a life sentence under state law; 8) Petitioner's right of contract and right to a reduction of his sentence were denied when his agreement with the state pursuant to Cal. Pen. Code § 2931 was violated; 9) under the state laws enacted in 1977, the BPH was without the authority to enact or apply to Petitioner rules and regulations concerning release on parole other than Petitioner's earned good time credits; 10) Petitioner's First Amendment rights were violated because Petitioner never received a ruling on the merits of his claims; 11) Petitioner's right to a jury trial and proof beyond a reasonable doubt on the issue of his dangerousness was violated; and 12) because Petitioner is serving a sentence longer than that which a person convicted of the more serious offense of first degree murder would serve, Petitioner has been deprived of the uniform operation of the laws and equal protection of the law.

### III. Failure to Exhaust State Court Remedies

#### A. Legal Standards

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty

5

1 Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh
2 v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
3 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

4     A district court may entertain a petition for a writ of
5 habeas corpus by a person in custody pursuant to the judgment of
6 a state court only on the ground that the custody is in violation
7 of the Constitution, laws, or treaties of the United States. 28
8 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
9 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13,
10 16 (2010) (per curiam).

11     A petitioner who is in state custody and wishes to challenge
12 collaterally a conviction by a petition for writ of habeas corpus
13 must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
14 The exhaustion doctrine is based on comity to the state court and
15 gives the state court the initial opportunity to correct the
16 state's alleged constitutional deprivations. Coleman v.
17 Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
18 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
19 1988).

20     A petitioner can satisfy the exhaustion requirement by
21 providing the highest state court with the necessary jurisdiction
22 a full and fair opportunity to consider each claim before
23 presenting it to the federal court, and demonstrating that no
24 state remedy remains available. Picard v. Connor, 404 U.S. 270,
25 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
26 1996). A federal court will find that the highest state court
27 was given a full and fair opportunity to hear a claim if the
28 petitioner has presented the highest state court with the claim's

factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing

7

> federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Petitioner states that by filing habeas corpus petitions in the Los Angeles County Superior Court and "in each higher State court," he exhausted the following claims: 1) arbitrary and capricious denial of parole, 2) lack of uniformity, 3) denial of annual hearings, 4)ex post facto, 5) denial of due process and equal protection in administration of penalty, and 6) denial of the contractual right to earned credits off the sentence. (Pet. 3-4.)   Although Petitioner refers to an attached copy of the

1 originally filed case (id.), it does not appear that such a
2 petition was attached as an exhibit to the petition filed here.
3 Thus, it is not clear whether the six issues that Petitioner
4 affirmatively alleges were exhausted in the petitions that
5 Petitioner filed in state court include the additional issues
6 that Petitioner appears to raise in the petition before this
7 Court.

8 Therefore, upon review of the instant petition for writ of
9 habeas corpus, it appears that Petitioner has not presented his
10 numerous claims to the California Supreme Court.  If Petitioner
11 has not presented all of his claims to the California Supreme
12 Court, the Court cannot proceed to the merits of those claims.
13 28 U.S.C. § 2254(b)(1).  It is possible, however, that Petitioner
14 has presented his claims to the California Supreme Court and
15 simply neglected to inform this Court.

16 Thus, Petitioner must inform the Court if each of his claims
17 have been presented to the California Supreme Court, and if
18 possible, provide the Court with a copy of the petition filed in
19 the California Supreme Court.  Without knowing what claims have
20 been presented to the California Supreme Court, the Court is
21 unable to proceed to the merits of the petition.

22 IV. Disposition

23 Accordingly, it is ORDERED that:

24 1) Petitioner's motion to change the name of the Respondent
25 warden is DENIED without prejudice; and

26 2) Petitioner is ORDERED to show cause why the petition
27 should not be dismissed for Petitioner's failure to exhaust state
28 remedies.  Petitioner is ORDERED to inform the Court what claims

9

have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

    Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

    IT IS SO ORDERED.

Dated: **May 24, 2012**           /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE