1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11

LAWRENCE REMSEN,              ) 1:12-cv-00731-BAM-HC
12                             )
              Petitioner,      ) ORDER DENYING PETITIONER'S MOTION
13                             ) TO ALTER OR AMEND THE COURT'S
                               ) ORDER PURSUANT TO FED. R. CIV. P.
14      v.                     ) 59(e) (DOC. 10)
                               )
15  J. HOLLAND, (A) Warden, et ) ORDER GRANTING IN PART AND
    al.,                       ) DENYING IN PART PETITIONER'S
16                             ) MOTION FOR AN EXTENSION OF TIME
              Respondents.     ) (DOC. 11)
17                             )
                               ) **DEADLINE FOR FILING FIRST AMENDED**
18  _____ ) **PETITION: THIRTY (30) DAYS AFTER**
                                 **SERVICE OF THIS ORDER**
19
                                 ORDER DENYING MOTIONS FOR
20                               INJUNCTIVE RELIEF AND EVIDENTIARY
                                 HEARING (DOC. 11)
21
                                 ORDER DENYING PETITIONER'S MOTION
22                               TO EXPAND THE RECORD AND TO
                                 EXTEND TIME FURTHER (DOC. 12)
23
                                 ORDER DENYING MOTIONS FOR
24                               INJUNCTIVE RELIEF AND BAIL
                                 PENDING A DECISION IN
25                               PETITIONER'S CASE (DOC. 13)

26
        Petitioner is a state prisoner proceeding pro se with a
27
    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
28

                                 1

1   Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to

2   the jurisdiction of the United States Magistrate Judge to conduct

3   all further proceedings in the case, including the entry of final

4   judgment, by manifesting consent in a signed writing filed by

5   Petitioner on May 17, 2012 (doc. 4).

6        Pending before the Court are various motions filed in

7   response to the Court's order of August 8, 2012, dismissing most

8   of the claims in the petition without leave to amend and granting

9   Petitioner leave to amend with respect to his federal ex post

10  facto claim or claims.

11       I.   Background

12       In the original petition, Petitioner, who is serving a Los

13  Angeles County Superior Court sentence of fifteen years to life

14  plus five years for second degree murder imposed in 1983,

15  challenged a decision of California's Board of Parole Hearings

16  (BPH) made after a hearing held on March 19, 2008, finding him

17  unsuitable for parole because he presented an unreasonable risk

18  to the public safety.  Petitioner claimed that the unsuitability

19  finding denied his rights to substantive due process and equal

20  protection because it was unsupported by the evidence and because

21  Petitioner had served a longer sentence than sentences served by

22  first degree murderers.  Petitioner argued that he was denied an

23  impartial hearing because the BPH was not impartial; he was

24  denied his right to a trial by jury and proof beyond a reasonable

25  doubt on the issue of his dangerousness; and affording less

26  frequent parole hearings and applying other changes to the parole

27  rules that came into effect after Petitioner was convicted

28  constituted ex post facto laws.  He alleged that because his

2

counsel made a statement, apparently in argument at the sentencing hearing, that Petitioner would serve not more than fifteen years, the failure to release Petitioner on parole violated his rights to due process and equal protection.

Petitioner also raised a number of claims that were based on state law, namely, that because the BPH failed to recognize its statutory limitations, it was not impartial; the BPH's determination of the length of Petitioner's sentence by making a parole suitability determination exceeded the BPH's authority because it exceeded their discretion, it was a legislative function, and it resulted in a lack of uniformity of sentence and deprived Petitioner of his right under state law to have his sentence set on the basis of proportionality of the offense and earned credits; failing to offer annual parole hearings as was done when Petitioner was convicted was an incorrect interpretation or application of state law; application of Cal. Pen. Code § 3041 to Petitioner violated his right to substantive due process and equal protection because Petitioner is not serving a life sentence under state law; applying parole rules that were changed after Petitioner's conviction violated his right under the state constitution to be protected against ex post facto laws; Petitioner's right of contract and right to a reduction of sentence were violated when his agreement with the state pursuant to Cal. Pen. Code § 2931 was violated; and the BPH lacked the authority under state laws enacted in 1977 to apply rules regarding release other than to credit Petitioner's earned good time credits.

On August 8, 2012, the Court issued its screening order

3

dismissing Petitioner's claims without leave to amend with the exception of Petitioner's federal ex post facto claim or claims, which were dismissed with leave to file a first amended petition within thirty days.

On August 21, 2012, Petitioner filed a one-hundred-fifteen-page motion to alter or amend the Court's order, which the Court understands to constitute a motion to reconsider the Court's ruling pursuant to Fed. R. Civ. P. 59(e).  (Doc. 10.)

On September 3, 2012, Petitioner filed a motion for a sixty-day extension of time to raise additional points to respond to the Court's order.[1]  (Doc. 11.)

On September 7, 2012, Petitioner filed a notice and letter brief in which he sought permission to expand the record in unspecified respects.  (Doc. 12.)

On October 7, 2012, Petitioner filed motions for bail and a preliminary injunction to prevent transfer of Petitioner based on his age pending a decision in his present case before the Court. (Doc. 13.)

II.  Motion for Reconsideration

A motion for reconsideration is generally treated as a

---

[1]Petitioner verified the application, and another person signed the proof of service of the motion, on September 3, 2012.  Hence, that date is used as the date of filing pursuant to the mailbox rule, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court."  Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988); see, Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  The mailbox rule applies to federal and state petitions alike.  Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)).  It has been held that the date the petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

4

motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if
it is filed within the time limit set by Rule 59(e).  United
States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).
Here, Petitioner's motion was filed within the twenty-eight-day
limit of Fed. R. Civ. P. 59(e).  Accordingly, the Court will
consider Petitioner's motion as a motion to reconsider the
Court's order pursuant to Rule 59(e).

Relief pursuant to Fed. R. Civ. P. 59(e) is generally within
the district court's discretion.  Allstate Ins. Co. v. Herron,
634 F.3d 1101, 1111 (9th Cir. 2011).  Relief under Rule 59(e) is
appropriate when there are highly unusual circumstances, such as
when the district court is presented with newly discovered or
previously unavailable evidence, the district court committed
clear error of law or fact, an intervening change in controlling
law justifies relief, or relief is necessary to prevent manifest
injustice.  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111;
School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5
F.3d 1255, 1262 (9th Cir. 1993).  To avoid being frivolous, such
a motion must provide a valid ground for reconsideration.  See,
MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.
1986).

Here, as the Court's order dismissing most of Petitioner's
claims indicated, many of Petitioner's claims are premised on
alleged errors in the interpretation or application of state law.
Petitioner argues that the state parole laws that were applied to
him should not have been applied to him because under state law,
he is not serving a life sentence, and he had a right under
various state statutes to have his sentence computed pursuant to

5

a particular procedure.   Petitioner argues that he earned
specific credits according to state statutes.   Although
Petitioner posits "a federal right of contract," (doc. 10, 2), he
is really asserting a specific interpretation of state law as the
basis for his claims.

However, as set forth in the Court's original order, such
matters do not form a basis for relief in a proceeding pursuant
to 28 U.S.C. § 2254, in which the only ground for relief is that
the custody is in violation of the Constitution, laws, or
treaties of the United States.   28 U.S.C. §§ 2254(a), 2241(c)(3);
Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v.
Corcoran, 562 U.S. –, -, 131 S.Ct. 13, 16 (2010) (per curiam).
Federal habeas relief is not available to retry a state issue
that does not rise to the level of a federal constitutional
violation.   Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16
(2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).   Alleged
errors in the application of state law are not cognizable in
federal habeas corpus.   Souch v. Schiavo, 289 F.3d 616, 623 (9th
Cir. 2002).

In summary, with respect to his state law claims, Petitioner
shows no error of fact or law, need to avoid manifest injustice,
or other basis for relief under Rule 59(e).

Petitioner also attempts to distinguish federal authority
concerning the limited scope of procedural and substantive due
process protections applicable to the state parole process.
Petitioner cites numerous state enactments and contends that
because under state law he is serving a slightly different form
of life sentence from that being served by the petitioner in

1  Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011), his
2  case is not governed by Swarthout.

3      However, even if it were assumed for the sake of argument
4  that Petitioner's sentence of fifteen years to life arises from
5  slightly different state statutes from those involved in
6  Swarthout, the function of the state statutes is to serve as the
7  basis for recognition of a liberty interest in parole that is
8  protected by the Fourteenth Amendment.  The United States Supreme
9  Court has noted that it is reasonable to conclude that
10 California's sentencing and parole laws give rise to a state-
11 created liberty interest in parole that requires minimal
12 procedural due process protections.  Swarthout v. Cooke, 562 U.S.
13 –, 131 S.Ct. 859, 861-62 (2011).  Petitioner points to no
14 statutes that would affect the underlying holding of the Supreme
15 Court in Swarthout, namely, that assuming that there is a state-
16 created liberty interest in parole, there is no right under the
17 Federal Constitution to be conditionally released before the
18 expiration of a valid sentence; the states are under no duty to
19 offer parole to their prisoners; California's "some evidence"
20 rule is not a substantive federal requirement; and correct
21 application of California's "some evidence" standard is not
22 required by the federal Due Process Clause.  Id. at 861-63;
23 Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011)
24 (citing Swarthout v. Cooke, 131 S.Ct. at 861-62); Pearson v.
25 Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011).  The Court reiterates
26 that a state's misapplication of its own laws does not provide a
27 basis for granting a federal writ of habeas corpus.  Roberts v.
28 Hartley, 640 F.3d at 1046.

1    Further, although Petitioner appears to assert that his

2    claims are based on federal substantive due process, it is

3    recognized that there is no substantive due process right created

4    by California's parole scheme; if the state affords the

5    procedural protections required by Greenholtz and Cooke, the

6    Constitution requires no more.  Roberts v. Hartley, 640 F.3d at

7    1046.  As the summary of the proceedings in the Court's previous

8    order indicated, there is no basis for a conclusion that

9    Petitioner was denied procedural due process in his state parole

10   proceedings.

11   Petitioner argues that he was denied his First Amendment

12   right of access to the courts because the state courts did not

13   provide him with a hearing on his claims.  The right of

14   meaningful access to the courts prohibits state officials from

15   actively interfering with an inmate's attempt to prepare or file

16   legal documents.  Lewis v. Casey, 518 U.S. 343, 350 (1996).  The

17   right requires a reasonably adequate opportunity to present

18   claimed violations of fundamental constitutional rights to the

19   courts.  Id. at 351.  However, a state is not required to enable

20   a prisoner to discover grievances and to litigate effectively

21   once he is in court; rather, inmates must be provided the tools

22   they need in order to bring to the courts direct or collateral

23   attacks upon their sentences, and challenges to their conditions

24   of confinement.  Id. at 354-55; see, Cornett v. Donovan, 51 F.3d

25   894, 899 (9th Cir. 1995) (recognizing a right through the

26   pleading stage to assistance to permit claims to reach a court

27   for consideration).

28   Therefore, Petitioner's failure to receive a particular type

of hearing once he presented his claim or claims to the state courts is not within the scope of his right of access. Thus, additional submissions by Petitioner in the form of briefing or documentation would not entitle Petitioner to relief on his claim.

In summary, with respect to Petitioner's claim concerning access to the Courts, Petitioner has not shown any factual or legal error or other basis for relief pursuant to Rule 59(e).

Petitioner submits additional materials to the Court, including background concerning his own case that is pertinent to the parole suitability decision (the abstract of judgment, a computation of earned credits, a classification sheet, reports reflecting Petitioner's work and participation in prison, and his commutation application to the governor); materials relating to state legislation (bills, initiative measures, statutes, committee reports, correspondence, and other reports and statements) which appear to pertain to Petitioner's contentions concerning Petitioner's entitlements, and the extent of the BPH's authority, under state law; and materials concerning the sentences and parole history of other prisoners, which appear to relate to Petitioner's contentions that Petitioner has been held too long and that sentences served by other prisoners reflect that the BPH's hearing process is arbitrary. (Mot., doc. 10, 12-115.)

There is no showing that these materials constitute newly discovered or previously unavailable evidence that would entitle Petitioner to relief under Rule 59(e).

However, even if that were the case, documentation tending

to show that there is evidence to support Petitioner's release on parole is not material because in a proceeding pursuant to § 2254, this Court will not review the application of California's "some evidence" rule.

Likewise, because the precise status of Petitioner's sentence, the extent of Petitioner's rights under state law, or other matters involving the interpretation and application of state laws, are not cognizable in this proceeding, the documents relating to state legislation are not material with respect to the claims dismissed without leave to amend.

Further, as noted in the Court's original order, the parole decision is discretionary, highly fact-bound, and infused with the legitimate state interest of protecting the public safety. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 9-10 (1979); Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir. 1989). Given the nature of the parole decision, and in light of the legal standards set forth in the Court's original order (doc. 9, 12-16), the histories of other prisoners do not establish that Petitioner was similarly situated with other prisoners or tend to show any invidious discrimination that would be protected under the federal Equal Protection Clause. The histories thus are not material. To the extent that Petitioner posits a claim based on the state law principle of uniform operation of the laws, Petitioner's allegations fail to entitle Petitioner to relief based on federal law.

Finally, Petitioner's submission of the history or histories of other prisoners to show that the BPH's processes were

arbitrary or otherwise not impartial fails to establish a basis for relief because rulings in a case or in a body of cases generally do not demonstrate bias.  Stivers v. Pierce, 71 F.3d 732, 742 (9th Cir. 1995).[2]  This is because unfavorable judicial rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme favoritism or antagonism that the exercise of fair judgment is precluded.  Liteky v. United States, 510 U.S. 540, 555 (1994).  Such a showing is absent in this case.

Further, as the Court's original order noted, Petitioner was given all the required procedural due process in the proceeding that resulted in the BPH's finding that Petitioner was not suitable for parole.  Findings of the BPH in other cases would not vitiate this record showing that a neutral, impartial tribunal considered the appropriate factors, made findings, and stated the reasons for the decision after Petitioner was given notice and an opportunity to be heard.

In submitting the histories of other prisoners, Petitioner failed to set forth any new or previously unavailable evidence that would entitle him to relief under Rule 59(e).

In summary, it is concluded that Petitioner has failed to show any basis for relief pursuant to Rule 59(e).

The Court notes that to the extent that Petitioner argues that statutory enactments that post-dated his crime were applied to him in violation of the prohibition against ex post facto

---

[2] In his notice and request for extension of time, Petitioner expressly contends that the reason he did not receive a fair hearing is that because under the rule of law, there was no legal way to deny his claims. (Doc. 11, 2.)

laws, Petitioner has been granted leave to file a first amended petition and will have the opportunity to submit a new petition with pertinent documentation.

Accordingly, Petitioner's motion for reconsideration will be denied.

The Court further notes that in later filings referred to in the remainder of this order, Petitioner seeks additional time within which to justify his claims that were dismissed without leave to amend.  In appears that in effect, Petitioner is asking for an extension of time to file a further motion for relief pursuant to Rule 59(e).  However, this Court is generally without authority to extend the time for filing such a motion.  See, Fed. R. Civ. P. 59(e) (providing that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment).

Further, to the extent that this Court retains the authority to grant an extension of time, the Court's review of the grounds that are already included in Petitioner's motion for reconsideration pursuant to Rule 59(e) reflects that Petitioner has not stated meritorious grounds for relief.  Thus, it would be futile to grant an extension to permit further submissions with respect to grounds that are not meritorious.

    III.   Request for Injunctive Relief, Extension of Time, and Evidentiary Hearing

        A.   Extension of Time

In his notice and motion (doc. 11), which includes a request for a sixty-day extension of time to respond to the Court's order dismissing his claims, Petitioner seeks additional time to brief

12

the issue of whether he was sentenced to life under state law.

Here, the state parole authority's characterization of Petitioner's sentence and its assertion of jurisdiction over Petitioner's parole suitability have been upheld by the state courts. Petitioner's further briefing of the point will not alter the essential fact that Petitioner's claim in this regard relates to the authority of the BPH under state law. Further briefing on the authority or jurisdiction of the BPH under state law will not give rise to a federal claim. Likewise, it will exceed the permissible scope of amendment of the petition as defined by the Court's order dismissing the petition with leave to amend the ex post facto claim or claims.

Accordingly, an extension of time for further briefing of this issue will be denied.[3]

However, Petitioner shows that after receiving the Court's order, he suffered some limitations in his access to the law library. (Doc. 11, 3.) The Court concludes that Petitioner has shown good cause for a thirty-day extension of the deadline for filing a first amended petition.

Accordingly, an extension of thirty (30) days for the purpose of filing a first amended petition with respect to Petitioner's ex post facto claims or claims will be granted.

B.  Motion to Prevent Transfer

Petitioner seeks injunctive relief in the form of an order that he not be transferred to another facility from the

---

[3] Again, the Court notes that Petitioner remains free to amend his petition to allege a claim or claims that he suffered a violation of his federal protection against ex post facto laws.

1  California Correctional Institution at Tehachapi (CCI).  (Doc.
2  11, 9.)  Petitioner states that he was informed in August 2012
3  that due to a change in the risk level of his medical
4  classification, Petitioner might be transferred to a facility
5  with a faster medical emergency response in case Petitioner
6  suffered a heart attack.  (Doc. 11, 9.)  Petitioner argues that
7  it is necessary for this Court to issue an order that Petitioner
8  be retained at CCI in order for the Court to retain jurisdiction
9  over Petitioner; further, transfer might delay Petitioner's
10 filings in this Court.  Petitioner purports to waive any claim
11 resulting from lack of a timely response to any medical emergency
12 he might suffer, except for exposure to infectious diseases, and
13 he requests that should he have a medical emergency, he not be
14 resuscitated.   (Id. at 10-11.)

15      Petitioner cites to Fed. R. App. P. 23(a), which provides
16 that if a decision in a habeas corpus proceeding is being
17 reviewed, the custodian of the prisoner must not transfer the
18 prisoner except pursuant to the order of the court that rendered
19 the decision being reviewed.  However, no decision in the present
20 case is under review.

21      Further, the premise of Petitioner's contention is
22 misguided.  If Petitioner were transferred to another
23 institution, this Court maintains its jurisdiction because
24 "jurisdiction attaches on the initial filing for habeas corpus
25 relief, and it is not destroyed by a transfer of the petitioner
26 and the accompanying custodial change."  Francis v. Rison, 894
27 F.2d 353, 354 (9th Cir. 1990) (citing Smith v. Campbell, 450 F.2d
28 829, 834 (9th Cir. 1971)).

1    Finally, a prisoner generally does not have a constitutional

2    right to be housed at a particular institution or to receive a

3    particular security classification.  Neal v. Shimoda, 131 F.3d

4    818, 828 (9th Cir. 1997) (citing Meachum v. Fano, 427 U.S. 215,

5    224 (1976), and Moody v. Daggett, 429 U.S. 78, 87 n.9 (1976)).

6    In the absence of an independent violation of the Constitution,

7    the decision to assign a convicted person to a particular

8    institution is not subject to constitutional scrutiny under the

9    Due Process Clause despite differences in the degree of

10   confinement among prisons because conviction of a crime

11   "sufficiently [extinguishes] the defendant's liberty interest to

12   empower the State to confine him in *any* of its prisons."  Meachum

13   v. Fano, 427 U.S. 215, 224 (1976).  Likewise, transfer of a

14   convicted person from one institution to another within the state

15   prison system does not alone implicate the Due Process Clause

16   because confinement in any of a state's institutions is within

17   the normal limits of the range of custody which the conviction

18   has authorized the state to impose, even if the prison to which

19   an inmate is transferred is more disagreeable or has more severe

20   rules.  Id. at 225.  Were this not the case, a wide spectrum of

21   discretionary conduct of prison administrators would be subjected

22   to judicial review.  Id.

23   It is established that a federal court may only grant a

24   petition for writ of habeas corpus if the petitioner can show

25   that "he is in custody in violation of the Constitution or laws

26   or treaties of the United States." 28 U.S.C. § 2254(a).  A habeas

27   corpus petition is the correct method for a prisoner to challenge

28   the legality or duration of his confinement.  Badea v. Cox, 931

15

F.2d 573, 574 (9th Cir. 1991)(quoting <u>Preiser v. Rodriquez</u>, 411
U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the
Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C.
§ 1983 is the proper method for a prisoner to challenge the
conditions of that confinement.  <u>McCarthy v. Bronson</u>, 500 U.S.
136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at
574; Advisory Committee Notes to Habeas Rule 1.

Because in the motions Petitioner seeks to challenge the
conditions of his confinement, and not the legality or duration
of his confinement, these particular claims may be cognizable in
a civil rights action rather than a petition for writ of habeas
corpus.

Accordingly, Petitioner's motion for an injunction against
transfer will be denied.

C.   <u>Motion for an Evidentiary Hearing</u>

Petitioner requests an evidentiary hearing either in person
or by video conference at Petitioner's custodial institution to
resolve contested issues of fact and to permit Petitioner to
answer questions concerning his claims and to have a chance to
convince the Court why all his claims are cognizable in habeas
corpus and are meritorious.

The decision to grant an evidentiary hearing is generally a
matter left to the sound discretion of the district courts.  28
U.S.C. § 2254; Habeas Rule 8(a); <u>Schriro v. Landrigan</u>, 550 U.S.
465, 473 (2007).  To obtain an evidentiary hearing in federal
court under the AEDPA, a petitioner must allege a colorable claim
by alleging disputed facts which, if proved, would entitle him to

1  relief.  Schriro v. Landrigan, 550 U.S. at 474.  An evidentiary

2  hearing may be granted with respect to a claim adjudicated on the

3  merits in state court where the petitioner satisfies

4  § 2254(d)(1), or where § 2254(d)(1) does not apply, such as where

5  the claim was not adjudicated on the merits in state court.

6  Cullen v. Pinholster, 131 S.Ct. 1388, 1398, 1400-01 (2011).

7      An evidentiary hearing is not required where the state court

8  record resolves the issues, refutes the application's factual

9  allegations, or otherwise precludes habeas relief.  Schriro v.

10 Landrigan, 550 U.S. at 474.  No evidentiary hearing is required

11 for claims based on conclusory allegations.  Campbell v. Wood, 18

12 F.3d 662, 679 (9th Cir. 1994).  Likewise, an evidentiary hearing

13 is not required if the claim presents a purely legal question,

14 there are no disputed facts, or the state court has reliably

15 found the relevant facts.  Beardslee v. Woodford, 358 F.3d 560,

16 585-86 (9th Cir. 2004); Hendricks v. Vasquez, 974 F.2d 1099, 1103

17 (9th Cir. 1992).

18     Here, Petitioner has not identified any issues of disputed

19 fact.  Respondent has not yet responded to the petition.  Because

20 the case is not fully briefed or ready for decision on the

21 merits, it is not yet possible to rule on Petitioner's motion for

22 an evidentiary hearing.

23     Accordingly, in the exercise of the Court's discretion, the

24 motion for an evidentiary hearing will be denied without

25 prejudice to filing a new motion in connection with the

26 consideration of the merits of the petition.

27     IV.  Request to Expand the Record and Extend Time

28          A.  Expansion of the Record

17

1    Petitioner filed a notice and letter brief (doc. 12) in
2  which he requests permission to expand the record to justify the
3  claims that were dismissed.  Specifically, he seeks to expand the
4  record with unspecified material concerning his claim that his
5  sentence does not qualify as a life sentence under California
6  law.

7    Rule 7 of the Rules Governing Section 2254 Cases in the
8  United States District Courts (Habeas Rules) permits a judge to
9  direct the parties to expand the record by submitting additional
10 materials relating to the petition.  It is appropriate to expand
11 the record to include materials not before a trial court where
12 the purpose is to clarify the relevant facts and provide
13 meaningful federal review of constitutional claims.  <u>Vasquez v.</u>
14 <u>Hillery</u>, 474 U.S. 254, 258, 260 (1986).

15   Here, Petitioner's claim that his sentence does not qualify
16 as a life sentence under California law is a claim based on state
17 law.  Because it is a state law claim, it will not entitle
18 Petitioner to relief in a proceeding pursuant to § 2254.  The
19 claim thus suffers from a defect that cannot be cured by
20 submission of an additional record.

21   Because it appears that it is unnecessary and would be
22 fruitless to expand the record, Petitioner's motion to expand the
23 record will be denied.

24          B.   <u>Extension of Time</u>

25   Petitioner's application for time is duplicative of his
26 previous request, which was partially granted to permit
27 Petitioner an additional thirty days in which to file his first
28 amended petition, but denied insofar as Petitioner sought further

time to present further grounds to reconsider the petition.
Accordingly, to the extent that Petitioner seeks additional time
beyond the thirty-day extension already granted, Petitioner's
application will be denied.

V.    Motions for Preliminary Injunction and for Bail

A.    Injunction against Transfer

In a document filed on October 11, 2012 (doc. 13),
Petitioner requests the issuance of a preliminary injunction to
preserve the status quo in this proceeding by prohibiting
transfer of Petitioner to another custodial institution.
Petitioner argues that the transfer would be based on an invalid
medical classification that infringes on Petitioner's right to
choose to consent or not to consent to medical procedures.

Pursuant to the analysis and authorities set forth above
that indicate that a request for injunctive relief concerning
conditions of confinement is not cognizable in a proceeding
pursuant to § 2254, Petitioner's request for an injunction
against his transfer will be denied.

B.    Bail Pending a Decision on the Merits

Petitioner requests bail pending this Court's adjudication
of his case on the merits.  Petitioner bases his request on his
age, which is over sixty-five years.  (Doc. 13, 16.)

The Ninth Circuit Court of Appeals has expressly declined to
decide whether a district court has the authority to release a
state prisoner on bail pending resolution of habeas proceedings.
In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001).  However, it will
be assumed for the sake of argument that a district court has
such authority.  See, id.  Federal courts reserve bail pending

resolution of a habeas corpus petition to "extraordinary cases involving special circumstances" and where there is a high probability of the petitioner's success on the merits. United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994) (quoting Land v. Deeds, 878 F.2d 318, 318-319 (9th Cir. 1989)). Further, the petitioner must show circumstances that make him exceptional and especially deserving of special treatment in the interests of justice. Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964). The Court must also consider the petitioner's risk of flight and the danger to the community should the petitioner be released. Marino v. Vasquez, 812 F.2d 499, 508-09 (9th Cir. 1987).

None of these requirements has been met in the case before the Court.

Accordingly, Petitioner's request for bail will be denied.

VI.   Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion to alter or amend the Court's order of August 8, 2012, pursuant to Fed. R. Civ. P. 59(e) (doc. 10) is DENIED; and

2) Petitioner's motion for an extension of time to file additional motions to alter or amend the Court's order dismissing some of Petitioner's claims without leave to amend (doc. 11) is DENIED; and

3)  Petitioner's motion for an extension of time to file a first amended petition with respect to Petitioner's ex post facto claims (doc. 11) is GRANTED IN PART such that Petitioner may file his first amended petition no later than thirty (30) days after

the date of service of this order; and

    4) Petitioner's motions for injunctive relief and an evidentiary hearing (doc. 11) are DENIED; and

    5) Petitioner's motions to expand the record and to extend time further (doc. 12) are DENIED; and

    6) Petitioner's motions for injunctive relief and for bail pending this Court's decision in Petitioner's case (doc. 13) are DENIED.


    IT IS SO ORDERED.

**Dated:**    **October 31, 2012**         **/s/ Barbara A. McAuliffe**
                                                   UNITED STATES MAGISTRATE JUDGE