UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE REMSEN, | ) | 1:12-cv—00731-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | REQUEST FOR A CERTIFICATE OF |
| | ) | APPEALABILITY (DOC. 19) |
| v. | ) | |
| | ) | ORDER DENYING PETITIONER'S MOTION |
| J. HOLLAND, (A) Warden, et al., | ) | FOR A STAY OF THE COURT'S ORDER |
| | ) | PENDING PETITIONER'S APPEAL (DOC. 18) |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner who is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 17, 2012 (doc. 4).

Pending before the Court are Petitioner's motions for issuance of a certificate of appealability and for a stay of this Court's order pending appeal. On August 8, 2012, the Court

1

dismissed some claims in the petition without leave to amend and granted Petitioner leave to file a first amended petition in thirty days. On November 1, 2012, the Court denied various motions for injunctive relief and a motion for an evidentiary hearing that had been filed by Petitioner, and the Court granted Petitioner an extension of time to file a first amended petition. On November 19, 2012, Petitioner filed a notice of appeal from the Court's order of November 1, 2012, a request for a certificate of appealability, and a motion to stay the Court's order pending appeal.

## I.  Request for Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district

court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that the Court has entered a final order adverse to Petitioner. The Court of Appeals has jurisdiction of appeals from "all final decisions" of the district courts except where direct review may be had in the Supreme Court. 28 U.S.C. § 1291. Pursuant to 28 U.S.C. § 1291, a judgment is final for purposes of appeal when it 1) is a full adjudication of the issues, and 2) clearly evidences the judge's intention that it be the court's final act in the matter. Patel v. Del Taco, Inc., 446 F.3d 996, 1000 (9th Cir. 2006). An order which does not dispose of all claims as to all parties is generally not appealable. Chacon v. Babcock, 640 F.2d 221, 111 (9th Cir. 1981). The Court's previous orders have not fully adjudicated the issues and are not intended to be the Court's final act in this proceeding.

Thus, it does not appear that reasonable jurists could

debate whether the matters before the Court should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

II.   Motion to a Stay of the Court's Order

In his motion for a stay filed on November 19, 2012, Petitioner argues the merits of the claims that he raised in the petition, including claims which have previously been dismissed by the Court without leave to amend.  Petitioner argues that a stay is warranted because of the need for a determination of whether or not he has a vested liberty interest in being released after having served his punishment, as well as the need to adjudicate state law claims that were dismissed by this Court.

A party seeking a stay of a judgment or order of a district court pending appeal must ordinarily move first for relief in the district court.  Fed. R. App. P. 8(a).  A stay or injunction pending appeal is granted in the discretion of the Court and is determined on a case-by-case basis upon consideration of four factors: 1) whether the applicant for the stay has made a strong showing that he is likely to succeed on the merits, 2) whether the applicant will be irreparably injured absent a stay, 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and 4) where the public interest lies.  Nken v. Holder, 556 U.S. 418, 425-27, 433-34 (2009).  The party seeking the stay bears the burden of showing that circumstances justify the exercise of discretion to grant a stay.  Id.

Here, Petitioner seeks to proceed in part on claims that the Court has found are not cognizable in this proceeding, including state law claims. A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam). Thus, Petitioner has not shown that he is likely to succeed on the merits.

Further, Petitioner's filing a notice of appeal effectively halted the proceedings in this Court on the petition. Thus, Petitioner has not shown that if the stay were denied, Petitioner would suffer any irreparable injury. The other factors pertinent to the public interest have not been shown to warrant a stay.

Accordingly, the Court will deny Petitioner's motion for a stay of the judgment pending his appeal.

III. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's request for a certificate of appealability is DENIED; and

2) Petitioner's motion for a stay of this Court's order pending appeal is DENIED.

IT IS SO ORDERED.

Dated:   **November 20, 2012**          **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE